# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 14-50515
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO OVIEDO-PEREZ,

Defendant-Appellant

Cons. w No. 14-50520

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO OVIEDO PEREZ, also known as Arturo Oviedo-Perez, also known as Arturo Perez Oviedo, also known as Arturo Alvarado,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1121-1
USDC No. 2:14-CR-72-1

————————————

No. 14-50515
c/w No. 14-50520

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Arturo Oviedo-Perez (Oviedo) appeals the 34-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He also contends, without explanation, that the consecutive, eight-month sentence imposed following the revocation of his supervised release is unreasonable.

First, Oviedo contends that the within-guidelines sentence imposed following his illegal reentry conviction is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), he argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 is not empirically based and double counts a defendant's criminal record. He also argues that the guidelines range overstated the seriousness of his non-violent reentry offense and failed to account for his benign motive for returning to the United States. Oviedo acknowledges that his argument that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption of reasonableness is foreclosed by circuit precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Nevertheless, he seeks to preserve this issue for further review.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). To rebut the presumption of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50515
c/w No. 14-50520

reasonableness, the appellant must show that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing [the] sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

We have consistently rejected Oviedo's "empirical data" argument. *See id.* at 366-67 & n.7; *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Sentencing Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Oviedo's mitigation arguments and request for a downward variance, as well as the Government's arguments in favor of a sentence at the high end of the guidelines range due to Oviedo's conviction for illegal reentry and his reentry shortly after his deportation. The district court ultimately concluded that a sentence in the middle of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Oviedo's assertions that § 2L1.2's lack of an empirical basis, the double-counting of his prior conviction, the non-violent nature of his offense, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness afforded to within-guidelines sentences. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The fact that we might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal. *Gall*, 552 U.S. at 51; *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Therefore, Oviedo has failed to show that

his 34-month within-guidelines sentence is substantively unreasonable. *See Campos-Maldonado*, 531 F.3d at 338.

Next, Oviedo contends, without any explanation, that the consecutive, eight-month sentence imposed following the revocation of his supervised release is plainly unreasonable. We could deem this issue abandoned due to Oviedo's failure to adequately brief the issue. *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002). Regardless, Oviedo's consecutive sentence argument fails.

We review preserved challenges to revocation sentences under a deferential plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The presumption of reasonableness afforded to within-guidelines sentences also applies to within-guidelines revocation sentences. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

Oviedo's eight-month sentence was within the range recommended by the policy statements and within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). Further, we have repeatedly upheld as reasonable within-guidelines revocation sentences ordered to run consecutively to the sentence for the criminal offense leading to the revocation. *United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008). Therefore, Oviedo has failed to show that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843.

Accordingly, the district court's judgments are AFFIRMED.